UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CHRISTENSON, et al,

    Plaintiff,

v.

                                Case No. 15-14441

                                HON. GEORGE CARAM STEEH

CITY OF ROSEVILLE, et al,

    Defendant.
_____/

<u>ORDER STRIKING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT ON PRELIMINARY INJUNCTION AND MOTION FOR SUMMARY JUDGMENT [DOC. 15]</u>

      Pending before the court are plaintiff's "Motion for Summary Judgment on Preliminary Injunction" filed on January 20, 2016 as well as plaintiff's "Motion for Summary Judgment" filed on March 11, 2016. The court recognizes that plaintiff is appearing *pro se* and is, therefore, held to a less stringent standard than an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even under this deferential standard, plaintiff is not entitled to the relief sought. The court will provide some guidance regarding the procedures plaintiff must follow going forward. Generally, the court refers plaintiff to www.mied.uscourts.gov under the tab entitled "Representing Yourself" to address many of the court's concerns regarding plaintiff's filings.

      To begin with, Local Rule 7.1(a) requires the movant in any motion to seek concurrence before filing a motion and, if concurrence is not obtained, to report that a conference between attorneys was held but concurrence was not obtained, or that,

despite reasonable efforts, the movant was unable to conduct such a conference. E.D. Mich. LR 7.1(a). Here, plaintiff makes no mention of any effort to seek concurrence. Going forward, plaintiff should contact defendant's counsel and attempt to reach an agreement before filing any motion.

Next, under the Federal Rules of Civil Procedure Rule 5, plaintiff is required to properly serve defendant. Fed. R. Civ. P. 5. The movant must also properly file the motion and other appropriate documents with the court. Fed. R. Civ. P. 5. While plaintiff did file the motions at issue, he did not file a certificate of service, which is required by the rule. Fed. R. Civ. P. 5. As to plaintiff's "Motion for Summary Judgment on Preliminary Injunction" (Doc. 4), there is no indication that plaintiff served defendants. Moreover, no summonses were ever issued on the underlying "Notice of Intent to File and Petition for Preliminary Injunction," filed December 23, 2015 (Doc. 1). In order to properly serve a defendant, plaintiff must include in that service a copy of the summons signed by the court clerk. If serving by mail, plaintiff must use registered (certified) mail with restricted delivery not priority mail.[1] Fed. R. Civ. P. 4; Michigan R. of Civ. P. 2.105. After service is completed, you should file a "return of service of summons" with the court. Plaintiff did not complete these steps.

As to plaintiff's "Motion for Summary Judgment" (Doc. 15), plaintiff insists that he did serve defendants on February 4, 2016. Pl. Motion for Summary Judgment, Doc. 15, Pg ID 106. There was, however, no certificate of service filed by plaintiff for that motion.

---

[1]The court is aware that plaintiff served the summonses issued on March 4, 2016 to defendants. However, those summonses were sent via priority mail. Therefore, service was not proper.

While summonses were issued on the underlying "Summon and Complaint" (Doc. 8), they were not signed by the court clerk and delivered to plaintiff until March 4, 2016. As the summons indicates, defendants have 21 days after receiving the summons to file an answer. Twenty-one days have not yet passed. Going forward, plaintiff should properly serve any motions and other appropriate documents to the defendants following these and any other applicable rules. Similarly, plaintiff must properly file any future motions and other appropriate documents.

Plaintiff's motions for summary judgment are also not timely. Plaintiff, according to his "Motion for Summary Judgment on Preliminary Injunction" (Doc. 4), appears to be asking the court to grant summary judgment on plaintiff's "Notice of Intent to File and Petition for Preliminary Injunctive Relief" (Doc. 1), filed December 23, 2015. Plaintiff's "Motion for Summary Judgment" (Doc. 15), appears to be asking the court to grant summary judgment on plaintiff's "Summon and Complaint" (Doc. 8), filed February 8, 2016.[2] As described above, plaintiff did not properly serve defendants. It is also not clear to the court from plaintiff's briefing that there is "no genuine dispute as to any material fact," which a court must find in order to grant summary judgment pursuant to Federal Rules of Civil Procedure Rule 54. Plaintiff may refile a motion for summary judgment in the future if he chooses to do so.

Finally, plaintiff failed to meet the requirements for a preliminary injunction in his

---

[2]Plaintiff insists in this motion that he "petitioned this Honorable Court for relief on 4 February 2016." (Pl. Motion for Summary Judgment, Doc. 15, Pg ID 105). Plaintiff did not file anything with the court on February 8, 2016. He did file his "Summons and Complaint" (Doc. 8) on February, 8, 2016. So, the court assumes this is the filing plaintiff is referring to.

"Notice of Intent to File and Petition for Preliminary Injunctive Relief" (Doc. 1). The decision of whether or not to issue a preliminary injunction lies within the discretion of the district court.  *CSX Transp., Inc. v. Tennessee State Bd. of Equalization*, 964 F.2d 548, 552 (6th Cir. 1992).  In determining whether to grant or deny an injunction, the district court is required to consider four factors:

>(1) whether the movant has a strong likelihood of success on the merits;
>
>(2) whether the movant would suffer irreparable injury absent the injunction;
>
>(3) whether the injunction would cause substantial harm to others; and
>
>(4) whether the public interest would be served by the issuance of an injunction."

*Am. Civil Liberties Union Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 642 (6th Cir. 2015) (internal quotation marks and citations omitted).

First, plaintiff has not introduced any evidence suggesting he is likely to prevail on any of his claims.  Second, plaintiff has not shown that he will be irreparably harmed if the injunction is not issued. *See Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995). Plaintiff alleges that he has been threatened with criminal prosecution and seizure of his property, but he does not allege that an injunction is necessary to prevent irreparable harm or that money damages will not make him whole.

Third, it is not clear what harm may come to third parties if this injunction is granted. Defendants are unlikely to be harmed because they can simply postpone their inspection. However, plaintiff's briefing does not describe whether occupants other than plaintiff are living or working in the building that defendants are trying to inspect. Routine city inspections are done to ensure the safety of dwelling places and businesses.

Assuming other people are living or working in the building at issue, those people may be harmed if there is some violation that could be identified and subsequently remedied by the inspection defendants are requesting. Fourth, plaintiff did not address whether the public interest would be served by granting the injunction. Similar to the third factor, these routine building inspections are necessary to ensure the safety of the public. So, it is likely that this factor would weigh against granting a preliminary injunction. Again, plaintiff may, if he chooses, refile this motion. In that case, he should be certain to focus on the factors listed above as well as the specific facts and events that led him to file this case.

Plaintiff's "Motion for Summary Judgment on Preliminary Injunction" (Doc. 4) and "Motion for Summary Judgment" (Doc. 15) are STRICKEN.

IT IS SO ORDERED.

Dated: March 18, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 18, 2016, by electronic and/or ordinary mail and also on James Christenson, 22014 Fresard, St. Clair Shores, MI 48080.

s/Barbara Radke
Deputy Clerk