UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CHRISTENSON, et al.,

        Plaintiffs,

vs.

Case No. 15-14441
HON. GEORGE CARAM STEEH

CITY OF ROSEVILLE,
JAMES OSTERHOUT, and
TIMOTHY TOMLINSON,

        Defendants.
_____/

ORDER DENYING PLAINTIFFS' AMENDED MOTION
TO AMEND/CORRECT A JUDGMENT (DOC. 34)

On January 24, 2017, the Court entered an opinion and order granting defendants' motion to dismiss for lack of subject matter jurisdiction. (Doc. 31). On February 15, 2017, plaintiffs filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. 33). Plaintiffs filed an amended motion to amend/correct the judgment on February 16, 2017. (Doc. 34). Defendants filed a response on February 28, 2017. (Doc. 35). Plaintiffs thereafter filed a reply, (Doc. 36), and supplemental evidence, (Doc. 37).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119,

122 (6th Cir. 1982) (internal citations omitted). "Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999). Plaintiffs' motion is best construed as asserting the third reason.[1]

First, plaintiffs contend that the Court erred in not finding that the "red-tagging" of a house located at 27807 Garfield, Roseville, Michigan (the Property) amounts to an injury in fact. This ruling is not a clear error of law and does not create manifest injustice. The Property was "red-tagged" on July 17, 2014. "Red-tagging" means that the property is not approved for occupancy. (Doc. 1 at 41). To regain an occupancy certification, the property must be inspected and all issued violations must be corrected. (*Id.*). At this time, the Property was owned by Rech Realty. Plaintiffs did not acquire an interest in the Property until they purchased it on December 11, 2014. Therefore, even if a seizure occurred[2] when the Property was

---

[1] Plaintiffs do not assert and the Court does not find a change in controlling law or the availability of new evidence.
[2] The Court notes that plaintiffs have not submitted any evidence to establish that Rech Realty's Fourth Amendment rights were violated when the Property was "red-tagged."

"red-tagged" on July 17, 2014, plaintiffs had no interest in the Property at that time, so their rights were not violated and they did not suffer an injury.

Second, plaintiffs reassert that they suffer a risk of prosecution. As explained in the Court's prior opinion and order, this argument fails. (Doc. 31 at 6-9). Furthermore, this ruling is not a clear error of law and does not create manifest injustice.

Plaintiffs assert that the previously submitted evidence of threatening letters and notices express defendants' willingness to prosecute. Plaintiffs' argument does not consider the conclusions in the Court's prior order. There, the Court explained that a legal interpretation of the Housing Code does not offer an opportunity to prosecute for refusing consent to an inspection. Section 225-21 does not include language permitting prosecution. Recourse is limited to that "provided by law." Housing Code § 225-21. *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523 (1967), precludes criminal convictions for refusing consent to an unwarranted search. *Id.* at 532-34. Therefore, if entry is refused, the Code Official cannot pursue recourse by means of arrest or prosecution for refusing consent to an unwarranted search. As a result, there is no credible threat of prosecution in this case.

Plaintiff cites to additional provisions including § 88-1 and § 88-3. These provisions cannot be read to permit prosecution for refusing consent to an unwarranted search. These provisions apply to the violations listed in Chapter 88 – Building Construction. Plaintiffs' incident arises under Chapter 225 – Property Maintenance. Chapter 225 does not state that it incorporates the provisions in Chapter 88. Therefore, it is inappropriate to apply penalties listed in Chapter 88 to potential violations of Chapter 225.[3]

Therefore, for the reasons stated above, plaintiffs' amended motion to amend/correct the judgment is DENIED.

Dated: August 1, 2017

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 1, 2017, by electronic and/or ordinary mail and also on James Christenson, 22014 Fresard, Saint Clair Shores, MI 48080.

s/Barbara Radke
Deputy Clerk

---

[3] Plaintiffs cite § 88-3 (C) titled "Section 116.4, Violation penalties." The language in this section mirrors that in §225-31. The Court previously ruled that this language does not create a threat of prosecution. (Doc. 31 at 8-9).