UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CHRISTENSON, et al.,

    Plaintiffs,

vs.

Case No. 15-14441
HON. GEORGE CARAM STEEH

CITY OF ROSEVILLE,
JAMES OSTERHOUT, and
TIMOTHY TOMLINSON,

    Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION TO CLARIFY, (DOC. 45), DENYING PLAINTIFFS' MOTION TO ENTER EVIDENCE, (DOC. 47), AND ENJOINING PLAINTIFFS FROM FILING FURTHER MOTIONS AND <u>REQUESTS IN THIS LAWSUIT WITHOUT LEAVE OF COURT.</u>

On January 24, 2017, the Court entered an opinion and order granting defendants' motion to dismiss for lack of subject matter jurisdiction. (Doc. 31). Plaintiffs thereafter filed two motions to alter or amend the judgment, (Doc. 33, 34), and a motion to reconsider, (Doc. 39). The Court issued two orders denying these motions. (Doc. 39, 43). This matter is presently before the Court on plaintiffs' Motion to Clarify these orders, (Doc. 44), and plaintiffs' Motion to Enter Evidence, (Doc. 47). For the reasons stated below, both motions are DENIED and plaintiffs are

enjoined from filing further motions and requests in this lawsuit without leave of court.

Plaintiffs' Motion to Clarify raises the same issues that the Court previously addressed in three opinions and orders. *See* (Doc. 31, 39, 43). Plaintiffs phrase these issues as questions for the Court to consider. But, federal courts "do not render advisory opinions." *Golden v. Zwicker*, 394 U.S. 103, 108 (1969). Further, the Court may not provide plaintiffs with legal advice. *Smith v. Palmer*, No. 11-CV-12765, 2011 WL 2623301, at *1-2 (E.D. Mich. July 5, 2011). Plaintiffs' Motions to Clarify, (Doc. 44), is, therefore, DENIED.

Plaintiffs' Motion to Enter Evidence asks the Court to admit a letter, dated October 23, 2017, which states a final notice of plaintiffs non-compliance with "Chapter 202 of the City of Roseville Codified Code of Ordinances: Failure to Obtain a Certificate of Compliance for Non-Owner Occupied Housing." (Doc. 47 at PageID 379). Plaintiffs assert that this notice means prosecution is eminent. Plaintiffs' motion fails for several reasons. First, it improperly seeks to enter evidence post-judgment and after the Court denied motions to alter and reconsider that judgment. The case is closed and the Court shall not admit additional evidence. Moreover, the City of Roseville is not threatening action based on refusal to permit

inspection; the injury alleged in plaintiffs' complaint. Instead, the City of Roseville merely provided notice of potential enforcement action relating to plaintiffs' use of their property as non-owner occupied housing, which is addressed by a different chapter of the City of Roseville Codified Code of Ordinances. This does not constitute prosecution for refusing consent for a warrantless search in violation of *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 532-34 (1967). Plaintiffs' Motion to Enter Evidence, (Doc. 47), is, therefore, DENIED.

In their response briefs, (Doc. 45, 48), defendants ask the Court to sanction plaintiffs and require them to pay $1000 for costs defendants incurred in responding to plaintiffs' duplicative and frivolous post-judgment motions. The Court shall not sanction plaintiffs. It will, however, enjoin plaintiffs from filing further documents in this case without leave of court.

The All Writs Act, 28 U.S.C. § 1651, grants a district court power to enjoin a party from filing suits attempting to reopen or relitigate closed cases. *Spencer v. Slone*, 785 F.2d 310 (6th Cir. 1986) (table). "This power extends to enjoining further filings in support of frivolous and vexatious claims." *Id.* Plaintiffs have filed five post-judgment motions that attempt to relitigate issues addressed in the Court's original opinion and order dismissing plaintiffs' claims for lack of standing. This Court must protect its

jurisdiction from vexatious litigants abusing the judicial process. Thus, to prevent plaintiffs from further abusing the legal process, they are hereby PRECLUDED AND RESTRAINED from filing any new motions or requests in this case without initially obtaining leave of this Court.

To obtain leave, plaintiffs must initially comply with all of the following requirements:

1. They must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed motion or request; and
2. As an exhibit to that motion, they must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the document they wish to present is a new issue which has never been raised by them in court.

Failure to comply with these terms may itself be grounds for denying any motion for leave to file. Compliance with these terms does not, of itself, constitute grounds for granting leave to file.

IT IS SO ORDERED.

Dated: December 14, 2017

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 14, 2017, by electronic and/or ordinary mail and also on James Christenson, 22014 Fresard, Saint Clair Shores, MI 48080.

s/Barbara Radke
Deputy Clerk